[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #111
On August 22, 1994, the plaintiffs, David and Deborah Peeler, filed a complaint against the defendants, Pray Automobile Corp. and Gerald Melendez. The plaintiffs allege that they suffered injuries as a result of an automobile accident occurring on October 24, 1992, caused by the negligence of Melendez, an employee of Pray Automobile Corp. acting within the scope of his authority. On November 28, 1994, the court, Rush, J., granted the defendants' motion to cite in party defendant, William H. Pool, for apportionment of damages pursuant to General Statutes §52-572h. The defendants allege in their complaint that the accident, which is the basis of the plaintiffs' complaint, was caused, in whole or in part, by third-party defendant Pool. CT Page 2152
On July 11, 1995, Pool filed a motion for summary judgment on the third-party complaint on the ground that the action against him was barred by the statute of limitations pursuant to General Statutes § 52-584. On July 31, 1995, the defendants filed an objection to the motion for summary judgment claiming that the statute of limitations does not bar them from citing in an additional defendant for the purpose of apportioning liability.
There is a split of authority among the superior courts with respect to whether an alleged tortfeasor may be cited in as a party defendant for purposes of apportionment after the statute of limitations on the underlying negligence claim has expired.[1]
This court has determined that a defendant may cite in a third party for apportionment purposes after the running of the statute of limitations in the underlying action. See Medina v. TunxisHill Restaurant, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296800 (October 11, 1994, Ballen, J.) In Medina v. Tunxis Hill Restaurant, this court cited the language of General Statutes § 52-584 and determined that a claim for apportionment is not an "action to recover damages" against the third-party defendant. Furthermore, it stated that "Tort Reform II This issue was resolved by Public Act 95-111 which set a limitations period of 120 days from the return date of the underlying complaint for a defendant to cite in a party for apportionment purposes. This public act applies to any civil action filed on or after July 1, 1995, and therefore does not apply to the present action. establishes a policy that each party against whom recovery is allowed should be liable only for his proportionate share of the recoverable damages." (Citations omitted; internal quotation marks omitted.) Id.
As a practical matter, the underlying complaint in the present case was brought approximately two months before the statute of limitations was to run pursuant to § 52-584. The defendants may not have had an opportunity to evaluate the allegations of the complaint and serve the third-party defendants before the statute of limitations had run.
Accordingly, the third-party complaint is not barred by the statute of limitations and the motion for summary judgment is denied.
BALLEN, JUDGE CT Page 2153